IN THE UNITED STATES FEDERAL COURT
DISTRICT OF MASSACHUSETTS

MAUREEN SULLIVAN-STEMBERG  04 10298 WGY

  Plaintiff,          )   Civil Action
v.                )   File No.:
        MAGISTRATE JUDGE Collings
TURNER CONSTRUCTION COMPANY and
NISHIMATSU CONSTRUCTION CO., LTD. and
RAYMOND DEVELOPMENT, INC. and
MNOP CORPORATION and        )   RECEIPT #_____
JOHN F. HAYES, Individually, and   )   AMOUNT $_____
as President of MNOP CORPORATION and  )   SUMMONS ISSUED Yes
FLAGSHIP WHARF CONDO ASSOCIATION,   )   LOCAL RULE 4.1___
               )   WAIVER FORM___
  Defendants.         )   MCF ISSUED_____
                  BY DPTY. CLK. FOM
                  DATE 2-12-04

**COMPLAINT AND JURY DEMAND**

COMES NOW, MAUREEN SULLIVAN-STEMBERG, plaintiff in the above-styled action and hereby files her Complaint and shows the Court as follows:

**FACTS COMMON TO ALL COUNTS**

1.

Plaintiff, Maureen Sullivan-Stemberg, is an individual residing at 416 Marlborough Street, Apartment 903, Boston, Suffolk County, Massachusetts.

2.

Defendant, Turner Construction Company, is a foreign corporation with its United States principal place of business located at 375 Hudson Street, New York, New York County, New York. Service may be made upon Turner Construction Company through their President to wit: Robert E. Fee, Turner Construction Company, 375 Hudson Street, New York, New York.

3.

Defendant Nishimatsu Construction Co., Ltd. is a foreign corporation with its United States principal place of business located at 800 West First Street, #314, Los Angeles, Los Angeles County, California. Service may be made upon Nishimatsu Construction Co., Ltd. through their Registered Agent for service to wit: Kazuhiko Takahara, 18912 Kingsbury Street, Northridge, Los Angeles County, California.

4.

Defendant Raymond Development, Inc. is a Massachusetts Corporation with its principal place of business located at 306 Dartmouth Street, Boston, Suffolk County, Massachusetts. Service may be made upon Raymond Development, Inc. through their President to Wit: Neil St. John Raymond, Raymond Development, Inc., 306 Dartmouth Street, Boston, Suffolk County, Massachusetts.

5.

Defendant MNOP Corporation was a Massachusetts Corporation with its principal place of business located at 46 Brattle Street, Cambridge, Middlesex County, Massachusetts that dissolved in 1998. Service may be made upon MNOP Corporation through their President to wit: John Hayes, 16 Lane Drive, Norwood, Norfolk County, Massachusetts.

6.

Defendant, John F. Hayes, is an individual who resides at 16 Lane Drive, Norwood, Norfolk County, Massachusetts.

7.

Defendant, Flagship Wharf Condo Association, is a Massachusetts Association with its principal place of business located at 84 State Street, Boston Suffolk County, Massachusetts. Service may be made upon Flagship Wharf Condo Association through their President to Wit: Carol Hickey, 197 Eighth Street, Charlestown, Suffolk County, Massachusetts.

8.

About March, 1998, the plaintiff moved into the Flagship Wharf Condominiums, 197 Eighth Street, Penthouse No. 222, Charlestown, Suffolk County, Massachusetts.

9.

As a result of the plaintiff's residence at Flagship Wharf Condominiums, for more than four years plaintiff developed serious medical conditions due to exposure to toxic mold.

10.

The plaintiff did not discover any link between her illness and exposure to toxic mold until approximately March of 2002.

11.

During the course of the plaintiff's residence at Flagship Wharf Condominiums, plaintiff observed water damage in many different areas of her three level unit, not limited to: the window opening in the living room on the second level; the wall between the shower and the sink in the

3

bathroom on the first level; the cabinet below the kitchen sink on the second level; the closet near the bathroom on the first level; and the hardwood floor near the bathroom on the first level.

12.

The plaintiff with due diligence was unable to detect toxic mold until the premises was tested, as the condition was inherently unknowable.

13.

Upon discovering the link between the mold presence and her illness, plaintiff made arrangements and, in fact, moved out of Flagship Wharf approximately July of 2002.

14.

The defendant, Turner Construction Company, was negligent and careless in the design, and construction of Flagship Wharf Condominiums including plaintiff's condominium located at 197 Eighth Street, Penthouse 222, Charlestown, Suffolk County, Massachusetts. The defendant was negligent in that it failed to construct a condominium that was defect free from water damage from the collection of standing water, water seepage and/or water-born bacteria, mold and/or fungus.

15.

The defendant, Nishimatsu Construction Co., Ltd., was negligent and careless in the design, and construction of Flagship Wharf Condominiums including plaintiff's condominium located at 197 Eighth Street, Penthouse No. 222, Charlestown, Suffolk County, Massachusetts. The defendant was negligent in that it failed to construct a condominium that was defect

free from water damage from the collection of standing water, water seepage and/or water-born bacteria, mold and/or fungus.

16.

The defendant, Raymond Development, Inc. was negligent and careless in the development of the Flagship Wharf Condominiums, including plaintiff's condominium located at 197 Eighth Street, Penthouse No. 222, Charlestown, Suffolk County, Massachusetts.

17.

The defendant, MNOP corporation was negligent and careless in the design and plannning of the Flagship Wharf Condominiums, including plaintiff's condominium located at 197 Eighth Street, Penthouse No. 222, Charlestown, Suffolk County, Massachusetts.

18.

The defendant, John F. Hayes, individually, and as president of MNOP Corporation was negligent and careless in the design and plannning of the Flagship Wharf Condominiums, including plaintiff's condominium located at 197 Eighth Street, Penthouse No. 222, Charlestown, Suffolk County, Massachusetts.

19.

The defendant, Flagship Wharf Condo Association, was negligent and careless in the oversight and management of the Flagship Wharf Condominiums, including plaintiff's condominium located at 197 Eighth Street, Penthouse No. 222, Charlestown, Suffolk County, Massachusetts. The defendant knowingly and willingly misrepresented the existence of the

problem, fraudulently concealed the problem, and failed to rectify the problem during plaintiff's tenancy.

20.

The defendant, Turner Construction Company, expressly warranted that its construction of Flagship Wharf Condominiums, including plaintiff's Penthouse No. 222, was fit for its intended use, was constructed for specific results, was constructed in accordance with specific terms and conditions, and was fit for a particular purpose.

21.

The defendant, Nishimatsu Construction Co., Ltd., expresslywarranted that its construction of Flagship Wharf Condominiums, including plaintiff's Penthouse No. 222, was fit for its intended use, was constructed for specific, was constructed in accordance with specific terms and conditions, and was fit for a particular purpose.

22.

The defendant, Raymond Development, Inc., expressly warranted that its development of Flagship Wharf Condominiums, including plaintiff's Penthouse No. 222, was fit for its intended use, was developed for specific results, was developed in accordance with specific terms and conditions, and was fit for a particular purpose.

23.

The defendant, MNOP Corporation, expressly warranted that its design and planning of Flagship Wharf Condominiums, including plaintiff's Penthouse No. 222, was fit for its intended use, was designed for specific results, was designed

6

in accordance with specific terms and conditions, and was fit for a particular purpose.

24.

The defendant, John F. Hayes, individually and as president of MNOP Corporation, warranted that its design and planning of Flagship Wharf Condominiums, including plaintiff's Penthouse No. 222, was fit for its intended use, was designed for specific results, was designed in accordance with specific terms and conditions, and was fit for a particular purpose.

25.

The defendant, Flagship Wharf Condo Association, expressly warranted that its oversight and management of Flagship Wharf Condominiums, including plaintiff's Penthouse No. 222, was fit for its intended use, was maintained for specific results, was maintained in accordance with specific terms and conditions, and was fit for a particular purpose.

26.

The defendant, Turner Construction Company, warranted that construction of Flagship Wharf Condominiums, including plaintiff's condominium, Penthouse No. 222, would be in conformance with sound construction and building code practices, be habitable, and defect free.

27.

The defendant, Nishimatsu Construction Co., Ltd., warranted that construction of Flagship Wharf Condominiums, including plaintiff's condominium, Penthouse No. 222, would

be in conformance with sound construction and building code practices, be habitable, and defect free.

28.

The defendant, Raymond Development, Inc., warranted that the development of Flagship Wharf Condominiums, including plaintiff's condominium, Penthouse No. 222, would be in conformance with sound construction and building code practices, be habitable, and defect free.

29.

The defendant, MNOP Corporation, warranted that the design and planning of Flagship Wharf Condominiums, including plaintiff's condominium, Penthouse No. 222, would be in conformance with sound construction and building code practices, be habitable, and defect free.

30.

The defendant, John F. Hayes, individually and as president of MNOP Corporation, warranted that the design and planning of Flagship Wharf Condominiums, including plaintiff's condominium, Penthouse No. 222, would be in conformance with sound construction and building code practices, be habitable, and defect free.

31.

The defendant, Flagship Wharf Condo Association, warranted that the maintenance and inspection of Flagship Wharf Condominiums, including plaintiff's condominium, Penthouse No. 222, would be in conformance with sound construction and building code practices, be habitable, and


defect free, and be in conformance with state and federal building codes and health codes.

32.

The defendant, Flagship Wharf Condo Association, misrepresented penthouse No. 222 to plaintiff and fraudulently concealed the problem.

33.

By its breach of warranties, the defendant, Turner Construction Company, has violated Massachusetts General Laws, Chapter 93A.

34.

By its breach of warranties, the defendant, Nishimatsu Construction Co., Ltd., has violated Massachusetts General Laws, Chapter 93A.

35.

By its breach of warranties, the defendant, Raymond Corporation, has violated Massachusetts General Laws, Chapter 93A.

36.

By its breach of warranties, the defendant, MNOP Corporation, has violated Massachusetts General Laws, Chapter 93A.

37.

By its breach of warranties, John F. Hayes, individually, and as president of MNOP Corporation, has violated Massachusetts General Laws, Chapter 93A.

38.

By its breach of warranties, the defendant, Flagship Wharf Condo Association, has violated Massachusetts General Laws, Chapter 93A.

39.

As a result of the defendant, Turner Construction Company's negligence and breach of warranties and Chapter 93A violations, the plaintiff has suffered serious and permanent injuries, great pain of body and anguish of mind; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; she has been required to spend sums of money for continued medical care and treatment; and her ability to enjoy a normal life has been adversely affected.

40.

As a result of the defendant, Nishimatsu Construction Co., Ltd.'s negligence and breach of warranties and Chapter 93A violations, the plaintiff has suffered serious and permanent injuries, pain of body and anguish of mind; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; she has been required to spend sums of money for continued medical care and treatment; and her ability to enjoy a normal life has been adversely affected.

41.

As a result of the defendant, Raymond Development, Inc's negligence and breach of warranties and Chapter 93A violations, the plaintiff has suffered serious and permanent

injuries, great pain of body and anguish of mind; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; she has been required to spend sums of money for continued medical care and treatment; and her ability to enjoy a normal life has been adversely affected.

42.

As a result of the defendant, MNOP Corporation's negligence and breach of warranties and Chapter 93A violations, the plaintiff has suffered serious and permanent injuries, great pain of body and anguish of mind; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; she has been required to spend sums of money for continued medical care and treatment; and her ability to enjoy a normal life has been adversely affected.

43.

As a result of the defendant, John F. Hayes' negligence and breach of warranties and Chapter 93A violations, the plaintiff has suffered serious and permanent injuries, great pain of body and anguish of mind; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; she has been required to spend sums of money for continued medical care and treatment; and her ability to enjoy a normal life has been adversely affected.

44.

As a result of the defendant, Flagship Wharf Condo Association's negligence and breach of warranties and Chapter 93A violations, the plaintiff has suffered serious and permanent injuries, great pain of body and anguish of mind; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; she has been required to spend sums of money for continued medical care and treatment; and her ability to enjoy a normal life has been adversely affected.

### COUNT I-NEGLIGENCE
### TURNER CONSTRUCTION COMPANY

45.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44) as if fully set forth in their entirety.

46.

This is a claim for negligence in the design, and construction of Flagship Wharf Condominiums, which resulted in injuries to the plaintiff.

### COUNT II-BREACH OF WARRANTIES
### TURNER CONSTRUCTION COMPANY

47.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), and paragraphs forty-five (45)

through forty-six (46) of Count I, as if fully set forth in their entirety.

48.

This is a claim for breach of warranties express and/or implied against defendant, Turner Construction Company which resulted in injuries to the plaintiff.

### COUNT III-CHAPTER 93A CLAIM
### TURNER CONSTRUCTION COMPANY

49.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, as if fully set forth in their entirety.

50.

This is a claim against the defendant, Turner Construction Company for its negligence and breach of warranties which constitute violations of Chapter 93A.

WHEREFORE, plaintiff demands judgment against the defendant, Turner Construction Company in amount to be shown at trial to fully and completely compensate her for the injuries she sustained as a result of the negligent conduct of defendant, Turner Construction Company, plus interest, costs and reasonable attorney's fees.

13

### COUNT IV-NEGLIGENCE
### NISHIMATSU CONSTRUCTION CO., LTD.

51.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, and paragraphs forty-nine (49) through fifty (50) of Count III, as if fully set forth in their entirety.

52.

This is a claim for negligence in the design and construction of the Flagship Wharf Condominiums, which resulted in injuries to the plaintiff.

### COUNT V-BREACH OF WARRANTIES
### NISHIMATSU CONSTRUCTION CO., LTD.

53.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, and paragraphs forty-nine (49) through fifty (50) of Count III, and paragraphs fifty-one (51) through fifty-two (52) of Count IV, as if fully set forth in their entirety.

54.

This is a claim for breach of warranties, express and/or implied, against defendant, Nishimatsu Construction Co., Ltd. which resulted in injuries to the plaintiff.

### COUNT VI-CHAPTER 93A CLAIM
### NISHIMATSU CONSTRUCTION CO., LTD.

55.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, paragraphs forty-nine (49) through fifty (50) of Count III, paragraphs fifty-one (51) through fifty-two (52) of Count IV, and paragraphs fifty-three (53) through fifty- four (54) of Count V, as if fully set forth in their entirety.

56.

This is a claim against the defendant, Nishimatsu Construction Co., Ltd. for its negligence and breach of warranties, express and/or implied, which constitute violations of Chapter 93A.

WHEREFORE, plaintiff demands judgment against the defendant, Nishimatsu Construction Co., Ltd. in amount to be determined by this Honorable Court to fully and completely compensate her for the injuries she sustained as a result of the negligent conduct of defendant, Nishimatsu Construction

Co., Ltd. plus interest, costs and reasonable attorney's fees.

### COUNT VII-NEGLIGENCE
### RAYMOND DEVELOPMENT, INC.

57.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, paragraphs forty-nine (49) through fifty (50) of Count III, paragraphs fifty-one (51) through fifty-two (52) of Count IV, paragraphs fifty-three (53) through fifty- four (54) of Count V, and paragraphs fifty-five (55) through fifty-six (56) of Count VI, as if fully set forth in their entirety.

58.

This is a claim for negligence in the development of the Flagship Wharf Condominiums, which resulted in injuries to the plaintiff.

### COUNT VIII-BREACH OF WARRANTIES
### RAYMOND DEVELOPMENT, INC.

59.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, paragraphs forty-nine

16

(49) through fifty (50) of Count III, paragraphs fifty-one (51) through fifty-two (52) of Count IV, paragraphs fifty-three (53) through fifty- four (54) of Count V, paragraphs fifty-five (55) through fifty-six (56) of Count VI, and paragraphs fifty-seven (57) through fifty-eight (58) of Count VII, as if fully set forth in their entirety.

60.

This is a claim for breach of warranties, express and/or implied, against defendant, Raymond Development, Inc., which resulted in injuries to the plaintiff.

### COUNT IX-CHAPTER 93A CLAIM
### RAYMOND DEVELOPMENT, INC.

61.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, paragraphs forty-nine (49) through fifty (50) of Count III, paragraphs fifty-one (51) through fifty-two (52) of Count IV, paragraphs fifty-three (53) through fifty- four (54) of Count V, paragraphs fifty-five (55) through fifty-six (56) of Count VI, and paragraphs fifty-seven (57) through fifty-eight (58) of Count VII, and paragraphs fifty-nine (59) through sixty (60) of Count of Count VIII, as if fully set forth in their entirety.

62.

This is a claim against the defendant, Raymond Development, Inc. for its negligence and breach of warranties, express and/or implied, which constitute violations of Chapter 93A.

### COUNT X-NEGLIGENCE MNOP CORPORATION

63.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, paragraphs forty-nine (49) through fifty (50) of Count III, paragraphs fifty-one (51) through fifty-two (52) of Count IV, paragraphs fifty-three (53) through fifty- four (54) of Count V, and paragraphs fifty-five (55) through fifty-six (56) of Count VI, paragraphs fifty-seven (57) through fifty-eight (58) of Count VII, and paragraphs fifty-nine (59) through sixty (60) of Count VIII, and paragraphs sixty-one (61) through sixty-two (62) of Count IX, as if fully set forth in their entirety.

64.

This is a claim for negligence in the design and planning of the Flagship Wharf Condominiums, which resulted in injuries to the plaintiff.

18

### COUNT XI-BREACH OF WARRANTIES
### MNOP CORPORATION

65.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, paragraphs forty-nine (49) through fifty (50) of Count III, paragraphs fifty-one (51) through fifty-two (52) of Count IV, paragraphs fifty-three (53) through fifty- four (54) of Count V, and paragraphs fifty-five (55) through fifty-six (56) of Count VI, paragraphs fifty-seven (57) through fifty-eight (58) of Count VII, and paragraphs fifty-nine (59) through sixty (60) of Count VIII, paragraphs sixty-one (61) through sixty-two (62) of Count IX, and paragraphs sixty-three (63) through sixty-four (64) of Count X, as if fully set forth in their entirety.

66.

This is a claim for breach of warranties, express and/or implied, against defendant, MNOP Corporation, which resulted in injuries to the plaintiff.

## COUNT VI-CHAPTER 93A CLAIM
## MNOP CORPORATION

67.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through forty-four (44), paragraphs forty-five (45) through forty-six (46) of Count I, and paragraphs forty-seven (47) through forty-eight (48) of Count II, paragraphs forty-nine (49) through fifty (50) of Count III, paragraphs fifty-one (51) through fifty-two (52) of Count IV, paragraphs fifty-three (53) through fifty- four (54) of Count V, and paragraphs fifty-five (55) through fifty-six (56) of Count VI, paragraphs fifty-seven (57) through fifty-eight (58) of Count VII, and paragraphs fifty-nine (59) through sixty (60) of Count VIII, paragraphs sixty-one (61) through sixty-two (62) of Count IX, and paragraphs sixty-three (63) through sixty-four (64) of Count X, and paragraphs sixty-five (65) through sixty-six (66) of Count XI, as if fully set forth in their entirety.

68.

This is a claim against the defendant, MNOP Corporation for its negligence and breach of warranties which constitute violations of Chapter 93A.