IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No 04-10298 WGY

MAUREEN SULLIVAN-STEMBERG,

      PLAINTIFF,

V.

TURNER CONSTRUCTION COMPANY and
NISHIMATSU CONSTRUCTION CO., LTD
and RAYMOND DELEVOPMENT, INC. and
MNOP CORPORATION and JOHN F. HAYES,
Individually and as President of MNOP
Corporation and FLAGSHIP WHARF CONDO ASSOCIATION,

      DEFENDANTS,

ANSWER AND CROSS CLAIM OF DEFENDANT,
NISHIMATSU CONSTRUCTION CO., INC.

Now comes the Defendant, Nishimatsu Construction Co, Inc. (" Nishimatsu") and for its Answer to the Plaintiff's Complaint and its cross-claim against Turner Construction Company states as follows:

1. Admitted
2. Admitted
3. Admitted
4. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
5. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
6. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.

7. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
8. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
9. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
10. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
11. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
12. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
13. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
14. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
15. Denied
16. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
17. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
18. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
19. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
20. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
21. Denied

22. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
23. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
24. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
25. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
26. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
27. Denied
28. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
29. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
30. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
31. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
32. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
33. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
34. Denied
35. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
36. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.

37. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
38. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
39. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
40. Denied
41. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
42. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
43. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
44. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
45. Nishimatsu repeats its answers to paragraphs 1-44 above with the same force and effect as if herein set forth.
46. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
47. Nishimatsu repeats its answers to paragraphs 1-46 above with the same force and effect as if herein set forth.
48. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.
49. Nishimatsu repeats its answers to paragraphs 1-48 above with the same force and effect as if herein set forth.
50. Nishimatsu is without knowledge as to the truth of this allegation and calls upon Plaintiff to prove same.

51. Nishimatsu repeats its allegations to paragraphs 1-50 above with the same force and effect as if herein set forth.
52. Denied.
53. Nishimatsu repeats its answers to paragraphs 1-52 above with the same force and effect as if herein set forth.
54. Denied.
55. Nishimatsu repeats its answers to paragraphs 1-54 above with the same force and effect as if herein set forth.
56. Denied.
57-82 As none of the remaining Counts (Counts VII-XIX) or any of the remaining allegations, in paragraphs 57-82 of Plaintiff's Complaint, are against Nishimatsu, Nishimatsu respectfully declines to respond to same.

### FIRST DEFENSE

Nishimatsu states that Plaintiff has failed to state a claim against it for which relief can be granted.

### SECOND DEFENSE

Nishimatsu states that it is not liable to Plaintiff as it had no role in the design or construction of Flagship Wharf Condominiums.

### THIRD DEFENSE

Nishimatsu states that Plaintiff cannot recover as she has failed to bring this action within the applicable statute of limitations.

## CROSS-CLAIM AGAINST
## TURNER CONSTRUCTION COPMPANY

Now comes Nishimatsu Construction Co, LTD., and for its cross-claim against Turner Construction Company ("Turner") states as follows:

1- That on or about May 19, 1988 the Trustees of Flagship Wharf Realty Trust, Nishimatsu and Turner entered into a construction contract (the "Contract") for the construction of Flagship Wharf, Building 197 to be located in Charlestown, Massachusetts (the "Property").
2- That Article 17.1(a) of the Contract entitled "Nishimatsu Assignment; Nishimatsu Fee" provided that Nishimatsu assigns all of its right, title and interest under the Contract to Turner.
3- That Article 17.1 (a) of the Contract further provided, in pertinent part, that Turner shall indemnify and hold Nishimatsu harmless from and against all liabilities, obligations damages, fines, penalties, claims, demands, costs, judgments and expenses, including reasonable attorneys fees which might be incurred, imposed upon or paid by or asserted against Nishimatsu by reason of its connection to the Contract.
4- That Plaintiff has asserted claims against Nishimatsu relating to injury allegedly suffered at the Property as a result of its negligent design and/or construction.
5- That Nishimatsu has denied liability for Plaintiff's claims but respectfully requests and makes demand against Turner to indemnify it and hold it harmless against Plaintiff's claims, all as set forth in Article 17. 1(a) of the Contract.

Wherefore, Nishimatsu Construction Co., LTD., respectfully request that judgment enter against Turner Construction Company in the full amount of any judgment Plaintiff obtains against Nishimatsu Construction Co., LTD., as well as all costs including reasonable attorneys fees incurred in defense of Plaintiff's claim and/ or the indemnity and hold harmless agreement between the cross-claimants.

Respectfully Submitted,
Nishimatsu Construction Co. LTD
By its attorney,

_____
Michael G. West, Esquire
BBO # 522200
402 Beacon Street
Boston, MA 02115
(617) 720-0050

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on _5/20/04_