UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -9 P 4: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MAUREEN SULLIVAN-STEMBERG | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| TURNER CONSTRUCTION COMPANY, | ) |
| NISHIMATSU CONSTRUCTION CO., LTD., | ) |
| RAYMOND DEVELOPMENT, INC., | ) |
| MNOP CORPORATION, | ) |
| JOHN F. HAYES, INDIVIDUALLY AND AS | ) |
| PRESIDENT OF MNOP CORPORATION, AND | ) |
| FLAGSHIP WHARF CONDO ASSOCIATION | ) |
| | ) |
| Defendants. | ) |

Civil Action No.
04-10298 WGY

## TURNER CONSTRUCTION COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

Defendant Turner Construction Company ("Turner") submits this Memorandum in Support of its Motion to Dismiss the Plaintiff's Complaint. Specifically, Turner moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to: (1) dismiss the plaintiff's negligence claims (Count I) and implied warranty claim (Count II) pursuant to the statute of repose set forth in M.G.L c. 260, § 2B; (2) dismiss the plaintiff's express warranty claim (Count II) for failing to establish the necessary express promise; and, (3) to dismiss the plaintiff's M.G.L. c. 93A claim (Count III) because it is derivative of plaintiff's negligence and warranty claims.

### Summary of Plaintiff's Complaint

This case involves allegations of personal injury caused by toxic mold arising out of the design and construction of Flagship Wharf Condominiums, Penthouse No. 222, located at 197 Eighth Street in Charlestown, Massachusetts (the "Project"). The plaintiff, Maureen Sullivan-

Stemberg, alleges that she occupied Penthouse No. 222 in or about March, 1998, and lived in the unit for more than four years. (*Complaint* at ¶¶ 8 and 9 attached hereto as **Exhibit 1**). Turner, as implied in the complaint, was the construction manager responsible for the construction of the Project. (See Building Permit attached hereto as **Exhibit 2**). [1] A Certificate of Occupancy for the Project was issued on August 7, 1990. (Certificate of Occupancy attached hereto as **Exhibit 3**).

The plaintiff alleges that during her residency, she was exposed to toxic mold, which was caused by the negligence of Turner in the design and construction of the Project. *Id.* at ¶¶ 9 and 14. Ms. Stemberg further claims that during her residency she observed water damage at several locations within her condominium unit, including: "the window opening in the living room on the second level; the wall between the shower and the sink in the bathroom on the first level; the cabinet below the kitchen sink on the second level; the closet near the bathroom on the first level; and the hardwood floor near the bathroom on the first level." *Id.* at ¶ 14. Plaintiff alleges that she did not link toxic mold to the alleged water damage until the premises were tested. *Id.* at ¶ 10. Ms. Stemberg claims that once she discovered the link between the mold presence and her illness in March, 2002, she "made arrangements and, in fact, moved out of Flagship Wharf approximately July of 2002". *Id.* at ¶¶ 12 and 13.

Plaintiff alleges numerous injuries including the inability to work and earn income and to perform her usual activities; the impairment of her health; and that she has incurred medical care and treatment expenses. *Id.* at ¶ 39.

---

[1]As set forth at pp. 3-4, *infra*, it is appropriate for the court to consider official public documents in connection with a Rule 12(b)(6) motion.

POM/20965/14/557781v2
06/09/04-BOS/

The allegations directed against Turner are contained in three counts:  negligence (Count I), breach of implied and express warranty (Count II); and violation of M.G.L. c. 93A (Count III).  *Id.* at ¶¶ 14, 20, 26 and 33.  More specifically, the plaintiff alleges that Turner: (1) was negligent for failing to construct a condominium that was defect free from water damage (Count I); (2) breached implied warranties that the condominium would be "in conformance with sound construction and building code practices, be habitable, and defect free" (Count II); (3) breached express warranties that the condominium "was fit for its intended use, was constructed for specific results, was constructed in accordance with specific terms and conditions, and was fit for a particular purpose" (Count II); and (4) that Turner's warranty breaches constitute violations of M.G.L. c. 93A (Count III).  *Id.*

**Argument**

**I.    PLAINTIFF'S NEGLIGENCE AND IMPLIED WARRANTY CLAIMS ARE BARRED PURSUANT TO THE STATUTE OF REPOSE SET FORTH IN MGL c. 260 § 2B**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is warranted when, according to the facts alleged, the plaintiff cannot recover on any viable theory. *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F. 2d 996, 998 (1st Cir. 1992). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Williams v. Astra USA, Inc.*, 68 F. Supp. 2d 29, 31 (D. Mass. 1999); *Honeywell Consumer Products, Inc. v. Windmere Corp.*, 993 F. Supp. 22, 23 (D.Mass. 1998).  When ruling on a Rule 12(b)(6) motion, a court is ordinarily limited to the four corners of the complaint, and those documents that are expressly incorporated into the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).  However, there are certain exceptions to the "four corners" rule,

3

and the Court may consider certain limited types of extraneous documents when ruling on a Rule 12(b)(6) motion, including the consideration of official public documents.[2] *Boetang v. Interamerican University, Inc.*, 210 F.3d 56, 60 (1st Cir. 2000); *Watterson v. Page*, 987 F.2d at 3; *See also Landy v. D'Alessandro*, No. 03-11000, 2004 U.S. Dist. LEXIS 8166, at **16-17 (D. Mass. 2004)(finding a certificate of incorporation to fall within the public record exception to the "four corners" rule); *Oxford Asset Mgmt.v.. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)(disclosure filings with the Security Exchange Commission fall within the public document exception to the "four corners" rule).

In the instant case, Turner submits that the authenticated copies of Turner's Building Permit 4945 authorized on December 23, 1997 (**Exhibit 2**) and the Flagship Wharf Condominiums Certificate of Use and Occupancy dated August 7, 1990 (**Exhibit 3**) constitute public records that the Court may consider in deciding this Rule 12(b)(6) motion. These documents show that the Project was completed and open for use in August, 1990, and demonstrate that the M.G.L. c. 260, § 2B statute of repose bars the plaintiff's negligence and express warranty claims.

M.G.L. c.260, § 2B, states, in relevant part:

> [a]ction of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property, other than that of a public agency as defined in section thirty-nine A of chapter seven, shall be commenced only within three years next after the cause of action accrues; *provided, however, that in no event such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use;* or (2)

---

[2] In addition to public records, the Court may also consider documents the authenticity of which are not in dispute, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d at 3.

> substantial completion of the improvement and the taking of
> possession for occupancy by the owner (emphasis added).

It is clear that the express language of M.G.L. c.260, § 2B operates to bar actions to recover

injuries arising from design, planning, construction or general administration of an

improvement to real property when such injury occurred more than six years after a project is

opened for use. *See Klein v. Catalano*, 386 Mass. 701, 711 (1982). Moreover, M.G.L. c.

260, § 2B applies even where the harm was not and could not have been discovered within the

six year statutory period. *Coca-Cola Bottling Co. v. Weston & Sampson Engineers, Inc.*, 45

Mass. App. Ct. 120, 125 (Mass. App. Ct. 1998). In this case, the six year statute of repose

period began to run when the Certificate of Use and Occupancy was issued on August 7, 1990.

(**Exhibit 2**).[3] The plaintiff did not bring her action until February 10, 2004, approximately 7-

1/2 years *after* the statute of repose had expired.

   The SJC has also held that M.G.L. c. 260, § 2B applies to implied warranty actions.

*Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc.*, 396 Mass. 818, 823

(1986)(M.G.L 260, § 2B bars a breach of implied warranty claim where the elements of

breach of implied warranty and for negligence are the same.).[4] Plaintiff's implied warranty

claim is the same as her negligence claim. Ms. Stemberg alleges that "Turner warranted that

the construction of Flagship Wharf Condominiums, including plaintiff's condominium,

Penthouse No. 222, would be in conformance with sound construction and building code

---

[3] *See e.g. Aldrich v. ADD, Inc.*, 437 Mass. 213, 221-22 (2002)(SJC relied upon the date contained in a certificate of occupancy in holding that the MGL c. 260 § 2B statute of repose did not bar the action).

[4] *See also. Kingston Housing Authority v. Sandonato & Bogue, Inc.*, 31 Mass. App. 270 (Mass. App. Ct. 1991)(M.G.L. c. 260, § 2B applies to act of unintentionally failing to conform with contract specifications, since it is not different from negligent workmanship); *Sullivan v. Iantosca*, 409 Mass. 796 (1991)(action for breach of implied covenant of good workmanship barred by statute of repose).

practices, be habitable, and defect free." *Complaint* at ¶ 26.  In order to prove these

allegations, the plaintiff must apply the same standard required for her negligence claim.

Accordingly, the plaintiff's negligence count contained in Count I, and the plaintiff's

implied warranty counts contained in Count II, are barred by M.G.L. 260, §2B.

## II.    PLAINTIFF'S EXPRESS WARRANTY CLAIMS MUST BE DISMISSED BECAUSE THEY LACK THE NECESSARY ELEMENT OF AN EXPRESS PROMISE

An express warranty claim is an action based in contract.  *Rosario v. R.D. Knowlton*

*Co.*, 54 Mass App. Ct. 796, 803 (Mass. App. Ct. 2002).  The standard of performance is set

by the defendants' express promises, rather than standards imposed by law. *Anthony's Pier*

*Four, Inc. v. Crandall Dry Dock Engineers, Inc*, 396 Mass. at 822.  Turner completed its

work at the Flagship Wharf Condominiums in or about August, 1990.  The plaintiff did not

move into Penthouse Unit No. 222 until March, 1998.  *Complaint* at ¶ 1998.  Thus, the

plaintiff did not take up residency at the Flagship Wharf Condominiums until 7-1/2 years after

Turner had finished its work and demobilized from the site.  By definition, Turner could not

have made an express promise to the plaintiff, and the plaintiff has not pled any facts indicating

an express promise.  Plaintiff's express warranty claims contained in Count II should therefore

be dismissed. [5]

## III.    PLAINTIFF'S MGL 93A CLAIMS ARE DERIVATIVE TO PLAINTIFF'S UNDERLYING NEGLIGENCE AND WARRANTY CLAIMS AND MUST BE DISMISSED WITH THE UNDERLYING COUNTS.

---

[5] The Complaint does not identify whether the breach of express warranty claims arise under contract or pursuant to the Uniform Commercial Code.  To the extent that the plaintiff makes claim under UCC Article 2, the result is the same.  Turner is alleged to have performed construction services and was not a manufacturer, seller or supplier of goods.  As a result, Turner's performance falls outside the statutory scope of M.G.L. c. 106, § 2-318. *White v. Peabody Construction Co., Inc.*, 386 Mass. 121, 131-33 (1982) (Construction contracts are not contracts for the sale of goods and are not within the scope of Article 2).

The plaintiff's M.G.L. c. 93A allegations are predicated on her underlying negligence and warranty counts. The applicable part of the Complaint reads as follows: "[t]his is a claim against the defendant, Turner, for its negligence and breach of warranties which constitute violations of Chapter 93A." *Complaint* at ¶ 50. In short, the plaintiff's M.G.L. c. 93A claims are derivative of her negligence and warranty counts, and must be dismissed with the underlying negligence and warranty counts. *Rosario v. M.D. Knowlton Co.,* 54 Mass. App. Ct. 796, 803 (2002)(dismissing Chapter 93A count when the counts upon which it was premised were dismissed on summary judgment).[6] The plaintiff's M.G.L. c. 93A count set forth in Count III must be dismissed.

WHEREFORE, Turner Construction Company respectfully requests that this Court:

A.    Dismiss Counts I, II and III of the Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, and:

B.    Grant such other and further relief as the Court deems appropriate.

TURNER CONSTRUCTION COMPANY,

By its attorneys,

David E. Rosengren (BBO #652935)
Paul O. Mulroney (BBO #564785)
Pepe & Hazard LLP
225 Franklin Street
Boston, MA  02110
(617) 748-5000

Dated:  June 9, 2004

---

[6] In addition, Ms. Stemberg's MGL c. 93A claims based in negligence must be dismissed as a matter of law. It is well settled that negligence alone does not constitute an unfair and deceptive trade practice under MGL c. 93A. *Meyer v. Wagner*, 429 Mass. 410, 423-24 (Mass. 1999)(holding that "an unfair or deceptive act requires more than a finding of negligence").

7

## Certificate of Service

I certify that on June 9, 2004, I served a copy of the foregoing document on counsel of record for all other parties by hand delivery.

8

POM/20965/14/557781v2
06/09/04-BOS/