UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
**MAUREEN SULLIVAN-STEMBERG,**         )
                                      )
    **Plaintiff,**              )
                                      )  C.A. No. 04-10298-WGY
v.                                    )
                                      )
**TURNER CONSTRUCTION COMPANY, et al.** )
                                      )
    **Defendants.**             )
_____)

### DEFENDANT FLAGSHIP WHARF CONDOMINIUM ASSOCIATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S "AMENDED NOTICE OF VOLUNTARY DISMISSAL"

**Defendant Flagship Wharf Condominium Association ("Flagship") files this memorandum in opposition to plaintiff Maureen Sullivan-Stemberg's ("plaintiff") "Amended Notice of Voluntary Dismissal." Plaintiff filed a Notice of Voluntary Dismissal, <u>with prejudice</u>, as to Flagship in May 2004—21 months ago. This case was dismissed as to the remaining defendants shortly thereafter, on July 15, 2004. On February 2, 2006—well over one year after judgment entered—plaintiff filed an "Amended Notice of Voluntary Dismissal." Unlike the previously filed notice of dismissal, plaintiff's amended notice of dismissal is "without prejudice." The amended notice is procedurally improper and should be stricken.**

### FACTUAL BACKGROUND

**Plaintiff filed this case on February 2, 2004, claiming that she was exposed to "toxic mold" while living at the Flagship Wharf Condominium and suffered personal injuries as a result. Plaintiff sued six defendants, including Flagship. On May 11, 2004, plaintiff filed a Notice of Voluntary Dismissal as to four of the defendants, including Flagship. A copy of the**

**Notice of Voluntary Dismissal is attached as Exhibit 1. Notably, it dismissed plaintiff's claims against Flagship "with prejudice."**

**In June 2004, one of the two remaining defendants, Turner Construction Company, Inc. ("Turner"), moved to dismiss plaintiff's Complaint. On July 15, 2004, the Court held a hearing on Turner's motion. At the end of the hearing, the Court dismissed the case, in its entirety, as to both Turner and the remaining defendant. (A copy of the hearing transcript is attached as Exhibit 2.) Also on July 15, 2004, the Court issued a separate Order of Dismissal (copy attached as Exhibit 3), ordering that the "above entitled action be and hereby is Dismissed." The Order of Dismissal was entered on the docket the next day, July 16, 2004.**

**On July 7, 2004, plaintiff filed a new lawsuit in Suffolk Superior Court against Flagship and others.** *See Sullivan-Stemberg v. Raymond Development, Inc., et al.*, **C.A. No. 04-02990-H (the "state court action"). Plaintiff's claims against Flagship in the state court action were identical to those that plaintiff asserted against Flagship in this Court. On August 19, 2004, Flagship served its Answer to plaintiff's Complaint in the state court action. In the Ninth Defense in its Answer, Flagship stated: "Plaintiff's claims are barred by the doctrine of** *res judicata* **and the preclusive effect of her dismissal with prejudice of her prior action against the Association." On February 2, 2006—19 months after this Court dismissed plaintiff's Complaint in its entirety—plaintiff filed an "Amended Notice of Voluntary Dismissal" with the Court, purporting to make her dismissal "without prejudice" as to Flagship and others.**

## ARGUMENT

Plaintiff's Amended Notice of Voluntary Dismissal is procedurally improper. All claims in this case were dismissed on July 15, 2004. That same day, the Court set forth the judgment on a separate document, as required by Fed. R. Civ. P. 58(a), by issuing an Order of Dismissal, which was entered on the docket on July 16, 2004. *See Fiore v. Washington Community Mental Health Center*, 960 F.2d 229, 236 (1st Cir. 1992) (en banc) (observing that order entered on separate document satisfies Rule 58(a)'s requirement that every judgment be set forth on separate document); *Papas v. Baines*, 981 F.2d 1245, at n. 8 (1st Cir. 1992) (finding that separate "Order of Dismissal" satisfies requirements of Rule 58(a)) (unpublished opinion) (copy attached as Exhibit 4). There is no legal basis for plaintiff to erase her previous dismissal with prejudice simply by filing an "Amended Notice of Voluntary Dismissal" nearly 19 months after July 16, 2004, when judgment entered.[1]

Moreover, to the extent plaintiff now claims that her initial Notice of Voluntary Dismissal with prejudice was a mistake, plaintiff should have moved under Fed. R. Civ. P. 60(b)(1) seeking relief from the judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Plaintiff, however, never filed any Rule 60(b)(1) motion, despite the fact that, 18 months ago, Flagship expressly raised the dismissal of this case with prejudice as a defense in the state court action. It is too late now for any Rule 60(b)(1) motion. A motion seeking relief from a final judgment under Rule 60(b)(1) must be made "not more than one

---

[1] Even if the Court's Order of Dismissal does not comply with the separate document requirement of Rule 58(a) (which it does), Rule 58(b)(2) provides that judgment is deemed entered "when it is entered in the civil docket under Rule 79(a) and . . . (B) when 150 days have run from the entry in the civil docket under Rule 79(a)." Here, the Order of Dismissal was entered on the civil docket on July 16, 2004. One hundred and fifty days from July 16, 2004, is December 13, 2004. Thus, at the latest, judgment entered in this case on December 13, 2004—14 months before plaintiff filed her Amended Notice of Voluntary Dismissal. *See also* Fed. R. Civ. P. 54(a) (providing that term "judgment" "includes a decree and any order from which an appeal lies").

year after the judgment, order, or proceeding was entered or taken." More than one year has passed since judgment entered in this case.

## CONCLUSION

For the reasons stated above, this Court should strike plaintiff's "Amended Notice of Voluntary Dismissal."

FLAGSHIP WHARF CONDOMINIUM ASSOCIATION,

By its attorneys,


    /s/ Scott E. Erlich
Nelson G. Apjohn (BBO# 020373)
Scott E. Erlich (BBO# 637202)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000
napjohn@nutter.com
serlich@nutter.com

## CERTIFICATE OF SERVICE

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non registered participants on February 13, 2006


/s/ Scott E. Erlich
Scott E. Erlich