# EXHIBIT 2

```
 1                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS
 2
                                          Civil Action
 3                                        No. 04-10298-WGY

 4
     * * * * * * * * * * * * * * * * **
 5                                     *
     MAUREEN SULLIVAN-STEMBERG,        *
 6                                     *
              Plaintiff,               *
 7                                     *
     v.                                *    MOTION HEARING
 8                                     *
     TURNER CONSTRUCTION COMPANY and   *
 9   NISHIMATSU CONSTRUCTION CO., LTD.,*
                                       *
10            Defendants.              *
                                       *
11   * * * * * * * * * * * * * * * * **

12

13            BEFORE:   The Honorable William G. Young,
                              District Judge
14

15

16
     APPEARANCES:
17

18        LAW OFFICE OF JEFFREY S. GLASSMAN, LLP (By Neil S.
     Cohen, Esq.) 1 Beacon Street, Suite 3333, Boston,
19   Massachusetts 02108, on behalf of the Plaintiff

20
          PEPE & HAZARD, LLP (By Daniel J. Klau, Esq.), 25
21   Asylum Street, Hartford, Connecticut 06103, on behalf
     of Turner Construction Company, Inc.
22

23

24                                        1 Courthouse Way
                                          Boston, Massachusetts
25
                                          July 15, 2004
```

```
 1            THE CLERK:  Calling Civil Action 04-10298,
 2    Sullivan-Stemberg v. Turner Construction.
 3            THE COURT:  Would counsel identify themselves.
 4            MR. COHEN:  Good morning -- actually good
 5    afternoon, your Honor.  Neil Cohen for the plaintiff,
 6    Maureen Sullivan-Stemberg.
 7            MR. KLAU:  Good afternoon, your Honor.  Daniel
 8    Klau for the defendant, Turner Construction.
 9            THE COURT:  How do you, it's the defendant's
10    motion here, but how do you get beyond the statute of
11    repose?
12            MR. COHEN:  I think with what I've said in my
13    brief, your Honor.  I think if you read my brief, I pretty
14    much concede the negligence aspect.  I don't think I do get
15    past --
16            THE COURT:  Right.
17            MR. COHEN:  -- that according to research.
18            The implied warranty and the express warranty I do
19    take issue with.  Number one, the implied warranty I don't
20    believe necessarily has the same elements as the negligence
21    claim.  And that could be -- based on what I put in the
22    brief, and I didn't give you specific details, but it's
23    based on information and belief that improper flashing or
24    in fact no flashing was used between the floors of the
25    apartment building.  That's materials.  And therefore from
```

1   our point of view if they didn't use proper materials --
2           THE COURT: But it's not -- it's a motion to
3   dismiss so I have to take everything your way, and I do.
4           MR. COHEN: Yes.
5           THE COURT: What about a Massachusetts case
6   Sullivan v. Iantosca, 409 Massachusetts 796 at 800: Action
7   for breach of implied covenant of good workmanship barred
8   by the statute of repose.
9           MR. COHEN: Well, again, the implied warranty
10  claim I recognize is difficult from the plaintiff's
11  standpoint on, on that issue, on the statute of repose,
12  because there has been, also the Anthony's Pier Four case I
13  believe also read it as being --
14          THE COURT: Right. How about express warranty?
15  Where's the promise? Where's the express promise?
16          MR. COHEN: Well, I don't know, Judge, because I
17  don't have the contract between Turner and the Flagship
18  Wharf Condominium Association, and hence, if I don't have
19  the contract, I don't know what promises were made within
20  it; therefore, it would not be a proper motion for
21  consideration under dismissal 12(b)(6).
22          In addition, I also have a case here that I
23  found --
24          THE COURT: Well, I mean, you have to have some
25  basis for -- you have to plead a promise. And under Rule

| | |
|---|---|
| 1 | 11 of the Rules of Civil Procedure you have to have a basis |
| 2 | for pleading an express promise. What's your basis? |
| 3 | MR. COHEN: Well, the basis is that I believe |
| 4 | there was a contract between Turner as well as -- |
| 5 | THE COURT: Probably there was. What's the |
| 6 | promise that supports your claim that an express warranty |
| 7 | was breached? Where is it here? |
| 8 | MR. COHEN: Well, if I haven't had the contract, |
| 9 | Judge, I don't know how I -- other than the fact that, my |
| 10 | argument is that my client was a third-party beneficiary to |
| 11 | an express promise made by Turner to the condominium |
| 12 | association. |
| 13 | THE COURT: But I don't -- you haven't pleaded an |
| 14 | express promise. Now that I press you on it you say you |
| 15 | don't know whether there's an express promise, but you hope |
| 16 | there is and you would like me to deny the motion to |
| 17 | dismiss so you can go on. |
| 18 | But I guess, and I think this will save your |
| 19 | rights as much as I can, I hold that your pleading is |
| 20 | inadequate. It doesn't recite an express promise. You |
| 21 | have to be more specific than that and you have to have |
| 22 | some reasonable basis for making that, that claim. |
| 23 | Now, if, if those go then the rest goes, doesn't |
| 24 | it? And you would probably have -- |
| 25 | MR. COHEN: I would have to have done that, yes. |

5

1    THE COURT: Yes. All right. And Nishimatsu, they
2 stand on the same basis, don't they, so we -- right.
3    All right. I appreciate your candor. The case is
4 dismissed in its entirety. You have the right to appeal.
5    MR. COHEN: Thank you.
6    (Whereupon the matter concluded.)
7
8
9              **C E R T I F I C A T E**
10
11   I, Donald E. Womack, do hereby certify that the
12 above proceedings were reported by me stenographically and
13 this transcript represents a true and accurate
14 transcription of said proceedings.
15
16
17
18
19                    _____
20                         DONALD E. WOMACK
                         Official Court Reporter
21                           P.O. Box 51062
                      Boston, Massachusetts 02205-1062
22                       womack@megatran.com
23
24
25