**EXHIBIT 4**

FOCUS™ Terms [          ]  Search Within [All Documents]  Go

View: **Full** | Custom                    ◄ 1 of 1 ►           FAST Print    Print |
More Like This | More Like Selected Text | Shepardize® | TOA

Papas v. Baines, 1992 U.S. App. LEXIS 32750 (Copy w/ Cite)

Service: **Get by LEXSEE®**
Citation: **1992 U.S. App. LEXIS 32750**

1992 U.S. App. LEXIS 32750, *

PAUL N. PAPAS, II, Plaintiff, Appellant, v. LINDA RANDO BAINES, ET AL., Defendants, Appellees.

No. 92-1381

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

1992 U.S. App. LEXIS 32750

December 16, 1992, Decided

**NOTICE:** [*1]

RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported as Table Case at 981 F.2d 1245, 1992 U.S. App. LEXIS 36612.

**PRIOR HISTORY:**
APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. Hon. A. David Mazzone, U.S. District Judge.

**DISPOSITION:** Judgment affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff inmate challenged an order of the United States District Court for the District of Massachusetts, dismissing his complaint because plaintiff failed to file a concise, clear statement of his claims against each defendant in accordance with a previous court order, and granting defendant's motion to dismiss for filing a vague, ambiguous and scandalous action under Fed. R. Civ. P. 12(e) and (f).

**OVERVIEW:** Plaintiff filed action against multiple defendants alleging numerous acts, including RICO, Privacy Act, and 42 U.S.C.S. § 1983 violations. The actions stemmed from plaintiff's arrest and conviction for uttering a fraudulent instrument. Plaintiff deposited a $ 3,000 sight draft in a bank, and when he returned to withdraw the funds he was arrested. He alleged that the bank officer, who was a trustee in an corporation he had dealings with, the bank itself, and the police officer had committed the violations. The district court granted some defendants' motion to dismiss under Fed. R. Civ. P. 12(e) and (f), after plaintiff was offered one opportunity to amend his complaint to make a clear statement of his claims. On appeal, the court first held that in ruling on the motion to dismiss actions

against some defendants, the district court had jurisdiction to consider the motion as to all defendants. The court also held that because plaintiff had been noticed by the district court that failure to clarify his claims would result in dismissal, the district court did not err in dismissing plaintiff's actions. The court therefore affirmed the district court' dismissal of plaintiff's actions.

**OUTCOME:** The court affirmed the district court's dismissal of plaintiff's action against all defendants.

**CORE TERMS:** arrest, order of dismissal, motion to strike, convicted, definite, summary judgment, frivolous, pro se, scandalous, memorandum, presently, vague, sight draft, clearer, clarification, concise, radio, opportunity to amend, notice of appeal, police officer, civil action, certification, particularity, incarcerated, participated, confusing, deprive, plead, pled, fraudulent check

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss

**HN1** The choice of sanctions for failing to comply with a court order lies with the district court, and we may not lightly disturb a decision to dismiss. A complaint that fails to comply with Fed. R. Civ. P. 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss

**HN2** Where presented with a motion to dismiss filed by some defendants to an action, the court, where appropriate, may consider the sufficiency of the complaint as against all defendants. More Like This Headnote



**COUNSEL:** Paul N. Papas, II on brief pro se.

Harvey Weiner, Mark E. Young and Peabody & Arnold on brief for appellees, Saugus Federal Credit Union and Kristin O'Brien Bambury. Lisa A. Wallace and The First National Bank of Boston-Law Office on brief for appellee John W. Shorrock. Philip Burling, Anthony Mirenda and Foley, Hoag & Eliot on brief for appellee Arthur Cook.

**JUDGES:** Before Selya, Cyr and Boudin, Circuit Judges.

**OPINION:** UPer Curiam. Pro se plaintiff Paul Papas appeals from a district court judgment dismissing his thirty-one (31) page complaint because Papas failed to file a "concise, clear statement of his claims against each defendant" in accordance with a previous court order. We affirm.

I. BACKGROUND

Papas is presently incarcerated at the Southeast Correctional Center in Bridgewater, Massachusetts. He filed the instant complaint in October 1991. The complaint identified eight [*2] defendants: Linda Rando Baines (Baines), Schooner Broadcasting, Inc. (Schooner), Marshfield Broadcasting, Inc. (Marshfield), Terre Marique Realty Trust (TMRT), Saugus Federal Credit Union (SFCU), SFCU's Member Service Manager - Kristin O'Brien Bambury (Bambury), John Shorrock (a Bank of Boston Customer Service Representative), and Saugus police officer Arthur Cook. n1 A multitude of federal and state claims for relief are asserted, including conspiracy to violate the Racketeer Influenced and Corrupt

Organizations Act (RICO), the Privacy Act, various state and federal civil rights statutes, (e.g., 42 U.S.C. § 1983 and M.G.L. c. 12, §§ 11H and 11I) and other laws. Stripped of legalese, the complaint alleges the following facts.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The complaint also purported to sue "all presently unknown defendants."

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

In 1991, Papas was engaged in mortgage brokering through a business named Capital Return Company. (Complaint P7). In some undisclosed fashion, Papas allegedly became a creditor of Schooner, a [*3] Massachusetts corporation which owns and operates an FM radio station (WFAL, Falmouth) under an FCC license. (Id., Ps 10, 27). Linda Rando Baines is Schooner's President and General Manager and a trustee of Terre Marique Realty Trust (TMRT), an entity which allegedly holds title to property that is the site of Schooner's radio tower. (Id., P12). Papas alleged that Baines, Marshfield and TRMT schemed to devalue Schooner and hide its assets so as to deny Papas and other creditors their money. (Id. PP9-12). Toward that end, and to conceal allegedly false public filings and prevent Papas from petitioning Schooner into involuntary bankruptcy, Baines allegedly conspired with the SFCU, Bambury, Shorrock, and Cook to cause Papas's false arrest and imprisonment. (Id. P9, 15).

Papas alleged the following additional facts regarding his false arrest claim. On May 2, 1991, Papas opened a joint account at SFCU with his minor daughter. n2 On May 18th, he deposited a sight draft which was accepted by the bank teller. Papas then withdrew $ 50.00. Bambury then allegedly arrived at the bank and immediately withdrew the funds from Papas's account without notice to him, allegedly violating [*4] SFCU's fiduciary duties to Papas. After communicating with Shorrock and Baines, Bambury resolved to treat the sight draft as a fraudulent check. She did not notify Papas of her resolution. Bambury contacted police officer Cook. Papas attempted to make another withdrawal on May 21st, but was told the funds had not cleared and that he should return later. On May 23, 1991, Bambury told Papas that the funds were available. Papas returned to SFCU and attempted to make a withdrawal. He was arrested by officer Cook and charged with uttering and attempted larceny by fraudulent check. The complaint ( para. 26) alleged that these charges were later dismissed with prejudice. Papas claimed over $ 9 million in damages for the defendants' respective roles in his demise. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 While the complaint names Papas's daughter as a plaintiff, this court's May 22, 1992 order left Papas the sole appellant. See Cheung v. Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)(non-attorney parent must be represented by counsel to sue on behalf of his child).

n3 After the district court allowed Papas's motion to proceed in forma pauperis, the eight named defendants were served by certified mail. Four of the eight - Baines, Schooner, TMRT, and Marshfield - have not acknowledged service of the complaint. We note that Baines personally signed the certified mail return receipt which accompanied the summons and complaint.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*5]

On December 10, 1991, SFCU and Bambury moved to strike the complaint under Fed. R. Civ. 12(e) and (f), contending that it was so vague, ambiguous and scandalous that they could not frame a responsive pleading and that the complaint generally did not appear to state claims upon which relief could be granted. SFCU and Bambury acknowledged that Papas opened an account at SFCU and subsequently attempted to deposit a $ 3000 "sight draft" which Bambury determined to be fraudulent. As a result, officer Cook arrested Papas. Contrary to the allegation in the complaint, SFCU and Bambury contended that Papas was convicted of forgery, uttering a forged instrument, and attempted larceny and sentenced to two and one-half years in prison. They submitted certified copies of records of Papas's criminal proceedings in the Massachusetts state courts in support of their contention. n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 Papas was first convicted in the Lynn district court. He appealed to the jury of six session in Peabody, but ultimately pled guilty. Papas submitted an opposition to SFCU's motion to strike wherein he claimed that he entered an Alford plea that is inadmissible in this civil action and that he is presently incarcerated on another matter. Under the applicable Massachusetts law, Papas's guilty plea could be treated as an admission in the instant civil action, although it would not have collateral estoppel effect. See United States v. One Parcel of Real Property, 900 F.2d 470, 473 (1st Cir. 1990), (citing Aetna Cas. & Sur. Co. v. Niziolek, 395 Mass. 737, 481 N.E. 2d 1356, 1363 (footnote omitted)).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*6]

On December 11, 1991, Cook filed an answer to the complaint which denied most of the factual allegations and alleged, inter alia, that the complaint failed to state a claim upon which relief could be granted. On December 18, 1991, Shorrock filed a motion for summary judgment with supporting affidavits which also showed that Papas was convicted of the aforementioned offenses. Shorrock contended that the complaint was frivolous because Papas's arrest, conviction and incarceration arose from the very incident on which the complaint was based. n5

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 On December 18, 1991, Papas filed a "Response to Defendants Shorrock, Bambury and Saugus Federal Credit Union" which appended an incident report Bambury prepared describing the events that led to Papas's arrest. Papas argued that the complaint was not so vague as to prevent Bambury and SFCU from admitting the factual allegations set forth therein. In a separate opposition to Shorrock's motion for summary judgment, Papas argued that his complaint is not solely based on his transactions at SFCU. The district court did not rule on Shorrock's motion for summary judgment.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*7]

On January 3, 1992, the district court endorsed SFCU's and Bambury's motion to strike as follows

> ALLOWED. The present complaint is unintelligible. The plaintiff is to file a concise, clear statement of his claims against each defendant within twenty days or this matter will be dismissed.

The court also issued a separate scheduling order which set deadlines for discovery and dispositive motions.

On January 15, 1992, Papas filed a motion for clarification of the court's order to file a clear statement of his claims. Papas queried whether the court's order pertained only to his claims against SFCU and Bambury or to all defendants, while pointing out that defendant Cook had filed an answer. Papas also sought additional time to respond to the court's order. n6 The district court endorsed this motion, "DENIED. The court's order is clear and will be strictly enforced." The court extended Papas's filing deadline from January 23 to February 7, 1992.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 Cook filed an opposition to Papas's motion which construed the court's January 3, 1992 order as applying to Papas's claims against all defendants and asked that the complaint be dismissed.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*8]

Papas filed an eight-page "Clearer Statement" of his claims on or about February 5, 1992. While purporting to relate only to Papas's claims against Bambury and SFCU, this document alleged (p. 2, P3) that "this complaint is a result of a single scheme devised and executed by Defendant Linda Rando Baines to rest control and shares from a partner of Defendant Schooner Broadcasting, Inc., and convert the assets of that corporation for personal gain, make the shares worthless, then sell the assets (hiding the main asset), for a devalued price and circumvent the lien . . . Papas has on . . . Schooner's FM radio license." The "Clearer Statement" further alleged that Baines purchased property for Schooner's radio tower through a straw, then placed that property in a realty trust (presumably, TRMT, although it is not so pled), with the specific intent of excluding the property from Schooner's assets. Papas claimed that Baines, Schooner and Marshfield joined in an effort to deny him payment for services he rendered in securing financing for TRMT. Papas reiterated his claim that Baines and Schooner filed false public documents, specifying as his grounds that any public filings that did not show [*9] Papas as a lienholder were false. Papas also claimed that SFCU and Bambury violate RICO every time they file reports without showing him as a shareholder. n7 In short, the "Clearer Statement" essentially realleged that Baines, Schooner and Marshfield enlisted SFCU, Bambury, Shorrock and Cook to deny Papas monies he claims to have rightfully deposited in SFCU.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 Papas attached a copy of the Saugus Police Department's May 23, 1991 booking sheet to his "Clearer Statement" to support his claim that the charges against him were dismissed. However, no such disposition is recorded on this document.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

On March 11, 1992, the district court issued a memorandum and order dismissing the suit for Papas's failure to file a more definite statement in accordance with the court's previous order. n8 The court noted that the complaint was predicated on Papas's arrest, while the "Clearer Statement" was based on an alleged struggle for control of a corporation (i.e., Schooner). The court held that the "Clearer Statement" was not "clear, [*10] concise and direct" and

did not plead fraud with particularity as required by Fed. R. Civ. P. 9(b). The court accorded Papas's filings a liberal construction under Haines v. Kerner, 404 U.S. 519 (1972) (reversing dismissal of pro se prisoner's complaint under Fed. R. Civ. P. 12(b)(6)), and held that neither the complaint nor the "clearer statement" passed muster because they were "prolix, confusing, and contained material which is vague, scandalous and even unnecessary." The court noted that "no connection among the defendants is drawn; no roles in the conspiracy are assigned. . . . If there were some basis to the plaintiff's allegations that certain defendants were engaged in a struggle for control of a corporation, there is no basis to conclude that those same defendants engaged in that struggle to deprive the plaintiff of his fee." As the order of dismissal did not specify otherwise, we presume it to be with prejudice. Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1073, 1075 n. 5 (1st Cir. 1990). n9

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n8 As the "Memorandum and Order" was followed by a separate "Order of Dismissal," the district court properly entered judgment on a "separate document" as required by Fed. R. Civ. P. 58. See Fiore v. Washington County Community Mental Health Center, 960 F.2d 229, 236 (1st Cir. 1992)(en banc)(noting order on separate document satisfies Rule 58). [*11]

n9 Papas filed a motion to strike the district court's memorandum and order under Fed. R. Civ. P. 12(e) on the ground that it contained "immaterial, impertinent, defamatory and scandalous matter." The district court did not act on this motion. We conclude that this motion, which Papas served before he filed his notice of appeal, poses no jurisdictional bar. Rule 12(e) applies to pleadings, not court orders. The motion was frivolous on its face, and it did not warrant treatment under Fed. R. Civ. P. 59(e). We do not regard this motion as undermining Papas's notice of appeal.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

II. ANALYSIS

The sole issue on appeal is whether the district court abused its discretion in dismissing this action because Papas failed to comply with the court's order to file a more definite statement of his claims. HN1"The choice of sanctions for failing to comply with a court order lies with the district court, and we may not lightly disturb a decision to dismiss." Velazquez-Rivera, 920 F.2d at 1075. "A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to [*12] Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint." Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988), cert. denied, 488 U.S. 1013 (1989). However, we have repeatedly cautioned that dismissal with prejudice is a severe sanction that "should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanctions available to it would truly be appropriate." Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977). A second opportunity to amend may be warranted where a pro se plaintiff has made a good faith effort to comply with an order for a more definite statement, but has fallen short. See, e.g., Pardee v. Moses, 605 F.2d 865, 866-67 (5th Cir. 1979). In this case, we hold that the district court did not abuse its discretion in dismissing the present action, notwithstanding the fact that Papas is pro se and was given only one opportunity to amend his complaint. The complaint was long and confusing. The order requiring a clearer statement [*13] of Papas's claims was wholly justified. That order squarely warned Papas that his complaint was "unintelligible" and that a clearer statement of his claims against "each defendant" was required or his complaint would be dismissed. In addition, both Cook's answer and SFCU's motion to strike asserted that the complaint failed to state a claim upon which relief could be

granted, while Shorrock's motion for summary judgment argued that the complaint was frivolous. Faced with these warnings, Papas's "Clearer Statement" essentially reiterated his initial allegations and failed to identify a viable basis for relief. n10 Rather, Papas simply appears to be trying to relitigate the criminal charges that resulted in his arrest and conviction by accusing the defendants of committing fraud and perjury during the course of the events that led to his arrest.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n10 We reject Papas's claim that the order of dismissal applies only to those defendants who moved to strike his complaint in the first place (SFCU and Bambury). The district court had inherent power to dismiss Papas's claims against the non-moving defendants. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1961).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*14]

To be sure, the fact that Papas attempted to comply with the court's order, as evidenced by his timely filing of the "Clearer Statement," militates against dismissal. In addition, this case was not long pending (5 months). There was no pattern of delay. However, in this case not only did the "Clearer Statement" fail to rectify the original fault but the record suggests that Papas is attempting to use the judicial process to harass those parties who participated in the events which led to his arrest and conviction. n11 Under these circumstances, we think that dismissal without further leave to amend was justified. See Ruth v. First National Bank of New Jersey, 410 F. Supp. 1233, 1234 (D.N.J. 1976) (dismissing complaint for bank funds as frivolous where complaint was based on same transaction for which plaintiff had been convicted of fraud).

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n11 While the district court did not expressly refer to this as a reason for dismissal, "unless the district court explicitly limits its rationale for dismissing the case, it is proper in reviewing for 'extreme' misconduct to consider all of the aggravating circumstances together." Enlace Mercantil Internacional v. Senior Industries, 848 F.2d 315, 317 (1st Cir. 1988).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*15]

Papas argues that the district court erred in dismissing his case before all the named defendants had been served, particularly where the district court denied his request for clarification of the order for a more definite statement. That some of the defendants had not been served effectively did not deprive the district court of power to dismiss the complaint as to these defendants. Cf. Diaz v. Stathis, 440 F. Supp. 634, 637 (D. Mass. 1977), aff'd, 576 F.2d 9 (1st Cir. 1978) HN2 ("Where presented with a motion to dismiss filed by some defendants to an action, the court, where appropriate, may consider the sufficiency of the complaint as against all defendants.") And, where Papas's "Clearer Statement" contained allegations regarding Baines, Schooner and Marshfield, he does not appear to have been prejudiced by the denial of his request for clarification.

Papas further argues that his complaint and supplemental filings pled fraud with sufficient particularity, in that he essentially claims that the all the statements of Bambury, Shorrock, Cook and Baines were false and, to the extent that these defendants communicated by [*16] FAX or telephone, in violation of RICO. Apart from the fact that Papas's claims appear to be no more than a transparent attempt to impose RICO liability on the defendants

who participated in the events that led to Papas's arrest and prosecution, such broad assertions do not plead a "pattern of racketeering" for RICO purposes. See Fleet Credit Corp. v. Sion, 893 F.2d 441, 444 (1st Cir. 1990). Finally, Papas argues that the court's order is wholly ineffective because it lacks the appropriate 54(b) certification and the court could not have dismissed his claims against all parties. As the order of dismissal embraced all claims and parties, no 54(b) certification was required.

Judgment affirmed.

View: **Full** | Custom                  1 of 1           FAST Print   Print | Download | Fax | Email | Text Only
More Like This | More Like Selected Text | *Shepardize®* | TOA

Papas v. Baines, 1992 U.S. App. LEXIS 32750  (Copy w/ Cite)                Pages:   9

Service: **Get by LEXSEE®**
Citation: **1992 U.S. App. LEXIS 32750**
View: **Full**
Date/Time: **Friday, February 10, 2006 - 5:50 PM EST**

\* Signal Legend:
● - Warning: Negative treatment is indicated
▣ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
✚ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
\* Click on any *Shepard's* signal to *Shepardize®* that case.

LexisNexis®   About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.